THOMAS D. STIMSON v. THE MUSKEGON BOOMING COMPANY ET AL.

*Constitutional law—Booming companies—Rates of charges—Class legislation.*

1. The power of the Legislature to regulate tolls or rates of fare to be charged by corporations which have devoted their property to a public use has been settled in this State in *Wellman v. Railway Co.*, 83 Mich. 592, as well as by the Supreme Court of the United States in *Munn v. Illinois*, 94 U. S. 113; *Ruggles v. Illinois*, 108 Id. 526; *Railway Co. v. Minnesota*, 134 Id. 418; *Railway Co. v. Wellman*, 143 Id. 339.

2. It is not within the power of the Legislature, under section 1, art. 15, of the Constitution, which provides that corporations may be formed under general laws, but shall not be created by special act, except for municipal purposes, to confer upon one corporation rights which, under precisely similar circumstances, it denies to another, or to confer greater rights and privileges upon one corporation than are conferred upon another.

3. Section 21 of Act No. 80, Laws of 1883 (3 How. Stat. § 3923a), which provides for the distribution among the patrons of log-running companies of surplus receipts after deducting actual and necessary expenses, as specified in said section, and a certain dividend to be paid to stockholders, subject, however, to certain conditions and provisions therein set forth, is unconstitutional, as class legislation.

Appeal from Muskegon. (Dickerman, J.) Argued October 4, 1893. Decided May 22, 1894.

Bill to compel the distribution of the surplus profits of a log-running corporation among its patrons, pursuant to 3 How. Stat. § 3923a. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*Smiley, Smith & Stevens*, for complainant.

*Smith, Nims, Hoyt & Erwin* (*Uhl & Crane*, of counsel), for defendants.

MONTGOMERY, J.   The defendant corporation is a booming company organized March 9, 1864, under Act No. 16, Laws of 1864.   It has continued business until the present time.   In 1883 the Legislature passed a law amending the act, and adding a new section thereto.[1]   The questions in this case arise upon this amendatory act.   Section 21 reads as follows:

"The board of directors of said corporation shall have the right, on or before the first day of May each season, to fix a uniform and reasonable price per thousand feet for the running, driving, booming, assorting, rafting, towing, and delivery of all logs, timber, lumber, and other floatables which may be delivered to such corporation in that season, sufficient in amount to insure the payment, in the aggregate, of all the expenses of such running, driving, booming, rafting, towing, and delivery, of the necessary expenses of repairing booms, buildings, and other corporate property, and for all other necessary and proper costs and expenses of conducting the company's business for that season, including all damages necessarily paid for overflowing lands along the stream, and a reasonable salary for the officers of such corporation, and of a profit in addition thereto of not less than 12 per cent. upon the capital stock of the company.

"If the owner of any logs shall put or run the same into that part of any navigable river, creek, or stream in or along which any such corporation drives, runs, or booms logs, or shall have any logs therein, and shall not make adequate provision and put on sufficient force for running and driving the same, or for breaking jambs, the same shall be deemed as delivered to such corporation, under the provisions of this act.

"On or before the 15th day of January, next ensuing, the entire receipts and expénditures of the corporation for the season's business shall be accurately ascertained, and the entire excess or surplus of receipts, which remain after deducting the actual and necessary expenses hereinbefore specified, and 12 per cent. upon the capital stock of the corporation as a dividend to its stockholders, shall belong to, and be paid over on demand to, the several persons, companies, and corporations who contributed to the payment thereof, in the proportion which the payment of each of the persons, companies, and corporations shall bear to the entire amount paid said corporation: *Provided, however,* that if, in any year, any company suffers losses, or is compelled to pay damages incurred in its business, or fails to make sufficient col-

---

[1] 3 How. Stat. § 3923a.

lections so that no dividend can be declared and paid, or a less dividend than 12 per cent., then in that case such company shall be at liberty to retain from the profits of the next or subsequent years such sum or sums as shall be sufficient to enable them to make up such loss or damage, and declare and pay dividends in such amounts as to make the average dividends equal to, but not to exceed, 12 per cent. each year: *And provided further*, that the above restriction to 12 per cent. dividends shall not apply to corporations which have not as yet declared and paid, since their organization, dividends, or accumulated surplus, in the aggregate equal in amount to the actual paid up capital stock of such corporation, together with interest thereon at 12 per cent. per annum from the date when such capital stock was paid in, until dividends have been declared or paid, or surplus fund earned, sufficient in amount to equal such actually paid up capital stock, with said interest thereon. But no such corporation shall hereafter declare or pay as dividends, or retain as surplus, or any other form, more than 24 per cont. upon the actual paid up capital stock of such corporation, but the whole excess of receipts from the business of the corporation, after deducting the expenses hereinbefore enumerated, and a sum not exceeding 24 per cent. for dividends or surplus, shall be paid over to the several persons, firms, or corporations entitled thereto, as hereinbefore provided; and as soon as any such corporation shall have paid in dividends, or acquired as surplus, an amount which, added to the dividends heretofore declared, shall equal in the aggregate the actual paid up capital stock of the corporation, with said interest thereon at 12 per cent., its dividends shall thereafter be limited to 12 per cent. upon the capital stock, as hereinbefore provided, and such corporation shall, in all things, be subject to the limitations and conditions hereinbefore imposed. No corporation formed under this act shall hereafter increase its capital stock, except for cash or its equivalent, actually paid into such corporation by the persons or parties to whom such increased capital stock shall be issued. *And provided further*, that if any boom company now organized and doing business shall sell, assign, or transfer its stock, property, franchises, and effects to any other person, persons, company, or corporation, then, in such case, the successors or assigns of such boom company shall be subject to all the provisions of this act, the same as though no such transfer or sale had taken place, and shall in no case retain a larger dividend than the old company could charge under this act.

"Approved May 10, 1883."

The complainant is owner of one share of the stock of the defendant company. He is also a patron, and files this bill to restrain the company from using some of its earn-

ings in the purchase from its owners of some of the shares of stock of the company, and to compel a distribution of such earnings among its patrons, under section 21. This section is assailed by counsel for the defendant as unconstitutional.

The power of the Legislature to regulate tolls or rates of fare to be charged by corporations which have devoted their property to a public use has been settled in this State in *Wellman v. Railway Co.*, 83 Mich. 592, as well as by the Supreme Court of the United States in *Munn v. Illinois*, 94 U. S. 113; *Ruggles v. Illinois*, 108 Id. 526; *Railway Co. v. Minnesota*, 134 Id. 418; and *Railway Co. v. Wellman*, 143 Id. 339. I do not think it necessary, in this case, to determine whether the business of this corporation is of a class which justifies the exercise of the power to regulate, or whether the Legislature may, under the power to amend the law under which the defendant is incorporated, impose as a condition to the exercise of its franchise the adoption of specified reasonable rates of charges for services, as, in my opinion, the act under consideration cannot be construed as a legitimate exercise of either power. This is not a case where, as in *Walcott v. People*, 17 Mich. 68, the power of taxation is involved. In such a case the tax might be based upon the earnings. Nor is it a case where, as in *Wellman v. Railway Co.*, the earnings of the company are considered as a basis for determining the reasonableness of certain fixed rates, to be imposed upon all persons alike. In this case the rate of toll is not made to depend upon the question of what have been the earnings the previous years, but the attempt is to divide the profits of the business among the patrons. We do not decide that under certain conditions, if this were the extent to which the act went, it might not be upheld as but another means of fixing a reasonable toll. But it is to be noticed that the right of the patrons to share in the profits of the

business does not depend upon whether such profit was made by performing work for the particular patron, but all who patronize the company are entitled to share *pro rata* in certain of the profits of the company. The act contains further provisions that if the company has sustained losses in previous years, or has not made profits equal in amount to the paid up capital stock, with 12 per cent. interest per annum thereon, it may charge a sum sufficient to yield a profit of 24 per cent. on its capital stock; and, as a consequence, one company is permitted to receive from its patrons, a rate of toll sufficient to equal a profit of 24 per cent., while another, doing business upon the same stream, which has been more prudent in former years, or more economical in its management, is permitted to realize only 12 per cent. This is class legislation. It is not a regulation of tolls. It may in one case amount to a compulsory division of profits, while in case of another company such division is not required.

Section 1 of article 15 of the Constitution provides that corporations may be formed under general laws, but shall not be created by special act, except for municipal purposes. . It is not possible that under this section it was intended that the Legislature could, by general act, confer upon one corporation rights which, under precisely similar circumstances, it denies to another, or greater rights and privileges upon one than are conferred upon another. It will not do to say that the past prosperity of the company organized under the law is a sufficient reason for denying to such corporation the privileges which are vested in another. This is, in effect, to deprive the company of rights because, by its thrift and good management, it has been prosperous.

I think the act cannot be upheld, and that the decree dismissing the bill should be affirmed.

The other Justices concurred.